IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY SHUBERT<br><br>Plaintiff,<br><br>vs.<br><br>RED LION CONTROLS, INC.,<br><br>Defendant. | Case No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Kelly Shubert (hereinafter, "Plaintiff") moves the Court for entry of judgment in her favor against Red Lion Controls, Inc., (hereinafter "Defendant") and in support of such Complaint avers as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §1331 as this case arises under and pursuant to federal law specifically, the Americans with Disabilities Act of 2008 ("ADA") and the Family Medical leave Act ("FMLA"). Moreover, this Honorable Court has jurisdiction over Plaintiff's state law claims to the extent that he pleads them pursuant to 28 U.S.C. §1367.

2. Venue lies within the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) (2) as the facts and occurrences, acts and/or omissions, and incidents and/or actions alleged herein took place within this judicial district.

1

3. Plaintiff brings this action against her former employer, Red Lion Controls, Inc., ("Defendant"). Defendant is a Pennsylvania company located at 20 Willow Springs Circle, York, Pennsylvania 17406.

4. Plaintiff is a disabled, adult female who, at all relevant times hereto, resides in the Commonwealth of Pennsylvania.

## UNDERLYING FACTS

5. Plaintiff is a 58-year-old disabled female who worked for Defendant as a Machine Operator from August 26, 2013, to September 8, 2022.

6. In May 2022, the Plaintiff began experiencing stomach discomfort requiring a visit to her physician.

7. On July 8, 2022, the Plaintiff went to Wheatland Family Medical Center and was told by her physician that there is a lot more going on with Plaintiff's stomach and she required additional testing.

8. Thereafter, the Plaintiff was sent for testing at York Hospital where they did an upper and lower Hida Scan and intestinal views.

9. The Plaintiff was later diagnosed with enlarged stomach and intestinal disorders. Her major life activities that are substantially limited are: gastrointestinal system,

10. The Plaintiff, through UNUM, a third-party administrator of FMLA and Short-term disability benefits for Defendant, received verification that she was covered under Spectris, Inc Short Term Disability ("STD") Policy on July 14, 2022.

11. In the letter from UNUM, Plaintiff was also informed that UNUM was notified of her need for leave beginning July 6, 2022, due to her serious health condition. In the letter from UNUM a claim number was provided for STD and the Plaintiff received a claim number for FMLA as the Plaintiff was notified that she was eligible for FMLA. However, UNUM stated that the Plaintiff's medical leave request was for continuous leave and was pending medical certification. The leave documentation due date was July 28, 2022.

12. On July 9, 2022 – the Plaintiff received a Work Excuse from WellSpan Health – York Hospital stating that the Plaintiff had been admitted on July 8, 2022, was discharged on July 9, 2022, and may return to work on July 16, 2022. The Work Excuse listed Shabnam Hafiz, MD as the Attending Provider, and surgeon. The Plaintiff provided the Work Excuse to "Colleen" at defendant's place of business on July 11, 2022. In the July 9, 2022, doctor's note, Dr. Hafiz specifically stated, "[i]f you have any questions or concerns, please don't hesitate to call."

13. Thereafter, the Plaintiff was sent to York Hospital for testing where, as previously noted, they did an upper and lower Hida Scan with intestinal views. Ultimately, at this juncture, the Plaintiff was diagnosed with Abdominal pain, Cholecystitis and was being further evaluated for Biliary Dyskinesia. She was placed on Amoxicillin and Pantoprazole after having been on Omeprazole.

14. On or after July 20, 2022, the Plaintiff provided medical documentation in the form of a doctor's note to her supervisor, at his request. The note was dated July 9, 2022, and which provided "Kelly Shubert was hospitalized under my professional care and was discharged on 7/9/2022. She may return to work on 7/16/2022". The note was from WellSpan Health York Hospital.

15. The Plaintiff thereafter submitted a claim for medical leave on July 13, 2022, and was approved beginning July 6, 2022, until August 9, 2022.

16. During the Plaintiff's leave, she supplied a doctor's note *via* text message to her supervisor, dated July 25, 2022. The note stated "Patient was seen in our office on 7/25/2022. The patient is given a work excuse note for the following days August 8/1/22 to 8/4/22".

17. In a letter dated, July 26, 2022, the Plaintiff was informed that her disability benefits would begin on July 15, 2022; benefits were approved through July 25, 2022 and it stated further that the Plaintiff was to provide notice as soon as possible if dates of her scheduled absence changed, were extended, or initially were unknown; the Plaintiff was then informed that she would receive a payment of STD benefits on July 27, 2022; and further that UNUM needed additional information for continued evaluation of her claim including medical records (including treatment, procedures, physical therapy, test results, therapy notes and admission/discharge summaries from all treating providers from July 25, 2022

forward; and a statement of her restrictions and limitations (a list of things she should not and cannot do) from her treating provider. It also stated a note from your physician stating you are unable to return to work is not considered sufficient medical documentation.

18. Additionally, that "[i]f we have not received the additional information by September 09, 2022, we will make a decision based on the information available to us at that time. Further, that the Plaintiff's leave would be reviewed separately. UNUM also stated that if additional information is required to make a leave determination, they would notify the Plaintiff.

19. The Plaintiff returned to work on August 9, 2022, and resumed regular full-time duties. She was then absent on August 12th, 17th, 18th, 22nd, 29th, 30th, 31st, September 1st, 2nd, and 8th, 2022.

20. The Plaintiff's healthcare provider provided a medical certification for her disability and family medical leave dated August 19, 2022, which stated: approximate date of symptoms/medical condition stated: July 6, 2022. Further, that the probable duration was five (5) weeks; patient unable to work July 6, 2022 through August 9, 2022; expected return to work date: August 10, 2022; no work restrictions after return to work; nature and duration of treatment plan…hospital admission, imaging and labs, referral to GI surgeon; date provider first treated patient: July 8, 2022; dates of stay (July 8, 2022) and discharge from hospital

(July 9, 2022); dates treated at the emergency room July 8, 2022; dates of planned medical treatment/office visits: July 20, 2022, July 25, 2022, August 4, 2022. Medication was prescribed. Signed Emalee Kellison PAC.

21. Further, Ms. Kellison, PAC, also provided that the Plaintiff's primary diagnosis was R19.4 (Changes in Bowels) and secondary diagnosis was R14.0 (Abdominal Distension) and R10.13 (Epigastric Pain).

22. On July 11, 2022 – the Plaintiff received information from "Colleen" regarding FMLA. On July 14, 2022, the Plaintiff received notification she was eligible for FMLA, and it was pending due to the Defendant needing medical certification.

23. On July 16, 2022 – the Plaintiff received an excuse from work from July 6, 2022, through July 25, 2022. The excuse was signed by Hareesh Gadde, DO on WellSpan Family Medicine – Wheatlyn and the Plaintiff sent the excuse to "Colleen" on July 18, 2022.

24. On July 20, 2022 – the Plaintiff received a doctor's note from Ebondo Mpinga, MD stating she had been seen at WellSpan Trauma & Critical Care Surgery.

25. On July 25, 2022 – the Plaintiff received an excuse for missing work from WellSpan Digestive Health – York, which stated the Plaintiff was seen on July 25, 2022, and would not be at work from August 1, 2022, to August 4, 2022. The note was signed by Stephanie Dolan, CRNP and the Plaintiff provided the excuse to "Colleen" on July 26, 2022.

26. On August 4, 2022 – the Plaintiff received a doctor's note from Samrath Singh, MD stating that the Plaintiff had been hospitalized at WellSpan's Apple Hill Surgical Center and was discharged August 4, 2022.

27. On August 5, 2022 – the Plaintiff received an excuse from work for two (2) days – August 4, 2022, and August 5, 2022 – which she forwarded to "Colleen" on August 8, 2022. The excuse was from David Pater and informed the Defendant that the Plaintiff had been under David Pater's care for an illness.

28. On July 18, 2022, the Plaintiff's doctor faxed medical records to the Defendant.

29. On August 19, 2022, the Plaintiff's doctor faxed records to the Defendant.

30. Additionally, the Plaintiff shared with her supervisor about her condition.

31. During her leave, the Plaintiff supplied a doctor's note via text message to her supervisor, dated July 25th, 2022.

32. On September 8, 2022, after the Plaintiff's Supervisor called her to terminate her employment, the Plaintiff contacted Human Resources to ask why the Defendant would dismiss her while she was on active medical leave.

33. The Plaintiff was advised that her medical leave had ended on August 9, 2022, which to the Defendant, had been acknowledged by the Plaintiff when she returned to work and the documentation related to her approved leave duration.

34. The Defendant then fired the Plaintiff on September 8, 2022, despite the fact that, UNUM, the Defendant's Third-Party Administrator, stated that the Plaintiff had until September 9, 2022, to provide additional medical information regarding her STD and also that it would inform her if they had any additional questions related to her FMLA.

35. The Plaintiff filed a Dually Filed Charge with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") on February 3, 2023, docketed as 530-2023-02879 which was dismissed by the EEOC on September 14, 2023 (**see Exhibit A**). Thus, the Plaintiff's federal claims are ripe for filing and her PHRC claims will be ripe for filing on February 3, 2024. Plaintiff will seasonably amend her pleadings at that time to include her Pennsylvania Human relations Act claims.

36. The Defendants' actions or inaction are of a continuing nature thus they fall under the doctrine of a continuing violation theory.

37. Defendant is responsible/liable for the actions of its agents under a theory of *Respondeat Superior.*

## COUNT 1
## ADA DISABILITY DISCRIMINATION
## CORPORATE DEFENDANT ONLY

38. Plaintiff incorporates herein the previous averments as if fully set forth.

39. The Plaintiff is a qualified individual with a disability under the ADA due to her stomach disorders as more fully described above and the Defendants' notice of the same. Further, the Plaintiff had a record of disability and/or was regarded as disabled by the Defendant.

40. The ADA prohibits discrimination in the workplace against employees who have, *inter alia*, sought assistance for accommodation in the workplace.

41. Plaintiff requested accommodation pursuant to state and federal law, i.e., medical leave due to treating for serious stomach disorders.

42. Defendant failed to accommodate Plaintiff's disability and instead, it fired her when he sought leave for medical reasons related to her disability.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to ADA and any other applicable statutory remedies including but not limited to monetary relief for the Plaintiff, including as applicable compensatory damages including wage and benefit loss, pain and suffering, punitive relief as well as all reasonable attorney's fees and costs of litigation.

**COUNT 2**
**ADA DISABILITY RETALIATION**
**CORPORATE DEFENDANT ONLY**

43. Plaintiff incorporates herein the previous averments as if fully set forth.

44. The ADA prohibits retaliation in the workplace against employees who have, *inter alia*, sought assistance for accommodation in the workplace or who have otherwise opposed practices made unlawful under the law.

45. The Plaintiff's requests for accommodation in the workplace constituted "protected activity" pursuant to state and federal law.

46. Defendant retaliated against the Plaintiff on account of her protected activity when it terminated her after and while she sought medical leave accommodations related to her disability and opposed discipline for excessive absences.

47. Furthermore, Plaintiff avers that the Defendant's purported basis to fire her (e.g., excessive absences) is false and erroneous and a pretext for underlying invidious reasons which the Plaintiff will prove at trial.

48. As a result, the Plaintiff avers that the Defendant retaliated against her on account of her protected activity by imposing discipline and discharging her without justification.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to ADA and any other applicable statutory remedies including but not limited to monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and punitive relief as well as all reasonable attorney's fees and costs of litigation.

## COUNT 3
## FAMILY AND MEDICAL LEAVE ACT INTERFERENCE

49. Plaintiff incorporates herein the previous averments as if fully set forth.

50. During Plaintiff's employment with Defendant, Plaintiff sought FMLA when she experienced severe health conditions related to her stomach as more fully described herein.

51. Plaintiff's health conditions were also exacerbated by hostilities she experienced at work after reporting her need for medical leave to care for her stomach disorder as more fully noted herein.

52. Plaintiff's medical conditions required treatment by a health care provider.

53. Plaintiff's medical conditions constitute a "serious health condition" as that term is defined under and pursuant to the FMLA.

54. Defendants were provided with sufficient information to reasonably verify that the Plaintiff required treatment by a health care provider for her serious health conditions.

55. At all relevant times, Plaintiff had been employed by the Defendants for at least 12 months and at least 1,250 hours of service during the 12-month period immediately preceding the notice of his need for FMLA.

56. At all relevant times, the Defendants employed 50 or more employees within 75 miles of Plaintiff's worksite for a period of 20 or more calendar work weeks.

57. Accordingly, at all times material to this Complaint, the Defendants were "covered employers" within the meaning of the FMLA and Plaintiff was an "eligible employee" within the meaning of the FMLA.

58. Plaintiff's medical leaves in 2022 were protected absences under the FMLA and its regulations. Instead, the Defendant disciplined and fired Plaintiff after she sought medical leave.

59. The Defendant was required to communicate with the Plaintiff regarding her rights under the FMLA including but not limited to the provision of an individualized notice to employees regarding FMLA rights and obligations.

60. From 2022, the Plaintiff provided proper notice of her need for FMLA leave on account of her serious medical conditions.

61. The Defendant failed to provide the Plaintiff her entitled FMLA leave of absence without discrimination, harassment, and retaliation.

62. Instead, Defendant interfered with the Plaintiff's FMLA once she made it known of her need for leave and workplace accommodations, and ultimately, discharged Plaintiff from her job.

63. Defendants possessed no good faith legitimate basis for its actions, or discharge of Plaintiff's employment.

64. The discipline and discharge of the Plaintiff's position in conjunction with her request for FMLA constitutes an adverse employment action.

65. Defendants interfered with Plaintiff's rights under the FMLA in one or more ways including but not limited to the following:

    a. Discouraging Plaintiff from utilizing FMLA, including but not limited to disciplining her and discharging her after she sought assistance for her serious medical conditions.

    b. Not providing appropriate communication about the leave to the Plaintiff.

66. Defendants' acts and omissions and conduct as more fully described above were knowing and willful.

67. Defendants' acts and omissions, as more fully described above, were performed in bad faith and without a reasonable basis, thereby rendering Defendants liable for liquidated damages pursuant to the FMLA, and claim is made, therefore.

68. As a result of Defendants' violations of the FMLA, as more fully described above, the Plaintiff is entitled to back pay and wages together with interest thereon pursuant to the FMLA, and claim is made, therefore.

69. As a result of Defendants' violations of the FMLA, as more fully described above, the Plaintiff is entitled to be reinstated to her position, or to front pay and benefits pursuant to the FMLA, and claim is made, therefore.

70. Plaintiff is further entitled to recover her attorney fees, expert witness fees, and other costs related to the instant matter pursuant to the FMLA, and claim is made, therefore.

### COUNT 4
### FAMILY AND MEDICAL LEAVE ACT RETALIATION

71. Plaintiff incorporates herein the previous averments as if fully set forth.

72. From 2022, the Plaintiff attempted to exercise her rights under the FMLA.

73. The FMLA and regulations promulgated thereunder prevent an employer from discriminating against employees who have exercised their rights and/or taken FMLA leave. 29 U.S.C. §2615(a) (2); 29 C.F.R. §825.220(c).

74. Defendants willfully violated the FMLA, and regulations promulgated thereunder in that it disciplined and discharged, the Plaintiff because of her attempt to use FMLA leave, including but not limited to the following:

   a. Unreasonably withholding approval and/or authorization of Plaintiff's request for medical leave.

   b. Failing to effectively communicate with Plaintiff regarding the status of her FMLA requests and need for treatment.

   c. Failing to follow normal procedures with respect to the processing of a leave request pursuant to the FMLA.

    d. Failing to provide timely written notices to Plaintiff as required by the FMLA and regulations promulgated thereunder.

    e. Discouraging Plaintiff from utilizing FMLA, including but not limited to disciplining and discharging her after requests for assistance.

    f. Denying Plaintiff's reinstatement and/or restoration that Plaintiff would have been entitled to under the FMLA.

    g. Inquiring about private medical information which was not necessary during the scope of a meeting regarding Plaintiff's use of FMLA.

    h. Discharging Plaintiff's employment without cause.

    i. Discharging Plaintiff's employment without cause to deprive her of FMLA leave for treatment.

    j. Denying Plaintiff's health and other fringe benefits to which she was entitled throughout the duration of his FMLA leave.

75. Defendants willfully violated Section 29 U.S.C. §2615(a)(2) in that it discharged, discriminated, and/or retaliated against Plaintiff as a result of her use of FMLA leave or attempt to use FMLA leave, as more fully set forth above.

76. Defendants' acts and omissions, and conduct as more fully described above, were knowing and willful.

77. Defendants' acts and omissions, as more fully described above, were performed in bad faith and without a reasonable basis thereby rendering

Defendants liable for liquidated damages pursuant to the FMLA, and claim is made, therefore.

78. As a result of Defendants' violation of the FMLA, as more fully described above, Plaintiff is entitled to back pay and wages together with interest thereon pursuant to the FMLA, and claim is made, therefore.

79. As a result of Defendants' violations of the FMLA, as more fully described above, Plaintiff is entitled to be reinstated to her position, or to front pay and benefits, pursuant to the FMLA, and claim is made, therefore.

80. Plaintiff is further entitled to recover her attorney fees, expert witness fees, and other costs related to the instant matter pursuant to the FMLA, and claim is made, therefore.

81. The discipline and discharge of Plaintiff's employment constitutes an adverse employment action.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that the Court grant relief on her Causes of Action as specified below.

82. The Plaintiff prays that the Court award monetary relief as follows:

83. On her Causes of Action, order Defendants to pay equitable monetary relief and compensatory damages to the Plaintiff as are asserted under the ADA, and the FMLA, where and as applicable, and in an amount to be proven at trial.

84. The Plaintiff prays that the Court award her costs, expenses, and attorneys' fees, payable by Defendants where and as applicable, by determining that the Plaintiff is a prevailing party on her Causes of Action and thereupon awarding the Plaintiff her reasonable costs, expenses, and attorneys' fees incurred in bringing this action under applicable statutory language.

85. Further, the Plaintiff prays that the Court award monetary relief as follows:

86. The Plaintiff prays that the Court orders the Defendant to pay pre- and post-interest in all monetary amounts awarded in this action, as provided by law.

87. The Plaintiff prays that the Court retains jurisdiction of this case for a sufficient period to assure that the Defendant has fully complied with the remedies to the greatest extent practicable.

88. The Plaintiff prays that the Court award all appropriate pain, suffering, humiliation, and punitive damages as applicable under her respective causes of action where and as applicable to the named Defendant.

89. The Plaintiff prays that the Court award such other and further relief as this Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands trial by jury on all counts so triable.

DATED this the 4th day of December 2023.

<div style="margin-left: 40%;">

*By: /s/ Jeremy A. Donham, Esquire*
Jeremy Donham, (206980)
**DONHAM LAW**
714 Venture Drive, Ste. 144
Morgantown, West Virginia 26508
717.881.7855 (Phone)
Email: J.Donham@Donhamlaw.com

</div>